IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Crim. No. 2011-02 |
| ) | |
| KELLEY NORMAN JOSEPH MALA, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**REPORT AND RECOMMENDATION**

Defendant, *pro se*, moves for early termination of his supervised released pursuant to 18 U.S.C. § 3583(e). [DE 8-1]. After receiving the parties' submissions, the Court held an evidentiary hearing on January 22, 2015. Present were the defendant; Nelson L. Jones, Esq., Assistant United States Attorney; and Fritzroy Petty, Deputy Chief, United States Probation Office.

Section 3583(e) of Title 18 provides that a sentencing court may terminate a term of supervised release prior to its expiration if the defendant has served at least one year of his supervised release term and the sentencing court determines that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Laine*, 404 Fed. Appx. 571, 573 n. 1 (3rd Cir. 2010). However, "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." *Laine*, 404 Fed. Appx. at 573-74. In determining whether to terminate supervised release, § 3553(a) provides the following factors for the sentencing court to consider:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical [**4] care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*Id.* at 572 n. 2 (citing 18 U.S.C. § 3553(a) (1), (2)(B)-(D) & (4)-(7)).  Ultimately, the decision to modify or terminate a term of supervised release rests in the discretion of the Court.  *Burkey v. Marberry*, 556 F.3d 142, 149 (3rd Cir. 2009).

Here, defendant seeks early termination on the basis of his compliance with the terms of his supervised release and his medical disability.  Mere compliance with the terms of supervised release does not justify early termination.  *See, e.g., Laine*, 404 Fed. Appx. at 574 (denying early termination of supervised release and noting that "[s]imple compliance with the conditions of supervised release are expected and not exceptional"); *United States v. Dudash*, 2012 U.S. Dist. LEXIS 34136, at *9-10 (W.D. Pa. Mar. 14, 2012).  Also, "[a] serious health condition does not necessitate early termination of supervised release unless the defendant[] can demonstrate that the conditions of supervision prevent[s] [his] access to medical care."  *Dudash*, 2012 U.S. Dist. LEXIS 34136, at *12 (W.D. Pa. Mar. 14, 2012) (citing *United States v. Abuhouran*, 398 F. App'x 712, 715 (3d Cir. 2010) and *United States v. Antico*, 2008 U.S. Dist. LEXIS 58901, at *5 (E.D. Pa. Aug. 1, 2008).

At the hearing, defendant presented evidence of his serious medical conditions and disability, including documentation of his current medications.  Further, defendant indicated, and Deputy Chief Petty confirmed, that defendant must travel on a regular basis to the mainland for

*United States of America v. Mala*
Criminal No. 2011-02
Page 3

some of his medical treatment. Moreover, neither the government nor the United States Probation Office opposes defendant's motion, based on his current medical status and the fact that his supervised release ends in April 2015.

Based on the foregoing, after consideration of all of the relevant factors under section 3553(a) as well as the parties' positions, defendant's medical records, and contact with the United States Probation Office, the Court recommends early termination of defendant's term of supervised release.

**Dated:** January 22, 2015    S\_____
**RUTH MILLER**
United States Magistrate Judge